# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LANE JOHNSON, | ) | CASE NO. 5:17-CV-0047 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| NATIONAL FOOTBALL LEAGUE | ) | |
| PLAYERS ASSOCIATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is a motion filed by defendant National Football League Players Association ("NFLPA") (Doc. No. 16) and another motion filed by defendants National Football League ("NFL") and National Football League Management Council ("NFLMC") (collectively, "NFL defendants") (Doc. No. 22) seeking transfer of this case to the United States District Court for the Southern District of New York.[1] For the reasons set forth herein, the motions to transfer are granted.

## I. BACKGROUND

On January 6, 2017, plaintiff David Lane Johnson ("Johnson") filed a complaint and petition to vacate arbitration award (Doc. No. 1), along with a separate motion to vacate an arbitration award (Doc. No. 3). Within two weeks, NFLPA filed its motion to transfer venue and

---

[1] The NFL defendants first seek dismissal for lack of personal jurisdiction and improper venue; they seek transfer only alternatively. NFLPA filed a separate motion to dismiss (Doc. No. 26) asserting lack of personal and subject matter jurisdiction, failure to state a claim, and improper venue. The Court has chosen to address solely the issue of transfer, which automatically resolves some, but not all, of the other issues. Because this Court will terminate these motions (some without prejudice) in their entirety, any unaddressed issues may be raised or renewed, if permitted by the transferee court.

a motion to stay proceedings, the latter being joined by the NFL defendants. Within a few days, the NFL defendants filed their motion to dismiss or transfer.

The Court initially stayed all proceedings pending a determination regarding dismissal or transfer. Despite the stay, plaintiff filed a first amended complaint, adding several allegations seemingly aimed at establishing a connection to this district for purposes of defeating the venue challenge. (Doc. No. 39 ["FAC"].) In view of that action, the Court lifted the stay and, on March 10, 2017, issued a comprehensive briefing order designed to bring the unwieldy record under control.

As a result, the briefing on the two motions presently under consideration[2] includes the following:

> **Doc. No. 16 – Defendant NFLPA's Motion to Transfer Venue**
> Doc. No. 29 – Plaintiff Johnson's Opposition to Motion
> Doc. No. 37 – Defendant NFLPA's Reply
> Doc. No. 47 – Defendant NFLPA's Supplemental Memorandum in Support
> Doc. No. 53 – Plaintiff Johnson's Supplemental Memorandum in Opposition
> Doc. No. 56 – Defendant NFLPA's Supplemental Reply
>
> **Doc. No. 22 – NFL Defendants' Motion to Dismiss, or in the Alternative, to Transfer**
> Doc. No. 35 – Plaintiff Johnson's Opposition to Motion
> Doc. No. 38 – NFL Defendants' Reply
> Doc. No. 48 – NFL Defendants' Supplemental Memorandum in Support
> Doc. No. 55 – Plaintiff Johnson's Supplemental Memorandum in Opposition
> Doc. No. 58 – NFL Defendants' Supplemental Reply

---

[2] Defendants have also filed motions (Doc. Nos. 63 and 65) seeking to strike excess pages from plaintiff's reply briefs. (*See* Doc. Nos. 61, 62.) Although defendants' motions may be well-taken in view of this Court's orders, the Court will leave their resolution to the discretion of the transferee court.

## II. DISCUSSION

**A.    The Complaint**

The FAC sets forth eleven causes of action, allegedly arising under various statutes: the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10; the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401, *et seq.*; and the Declaratory Judgment Act, 28 U.S.C.§ 2201. The first six causes of action all seek to vacate an arbitrator's award under the LMRA and the FAA. The seventh, eighth and tenth causes of action allege breach of contract/breach of the duty of fair representation under the LMRA. The ninth cause of action alleges violation of the LMRDA, and the eleventh cause of action seeks a declaratory judgment.

A brief factual background will be helpful. Johnson, an Oklahoma resident, is a professional football player employed by the NFL's Philadelphia Eagles club. (FAC ¶ 1.) The NFLPA, headquartered in Washington, DC, is an employee organization recognized as the exclusive bargaining representative of professional football players employed by the NFL. (*Id.* ¶ 2.) The NFL, headquartered in New York City, is an unincorporated association of 32 separately owned and operated professional football clubs, one of which allegedly resides in this district. (*Id.* ¶ 3.) The NFLMC, also headquartered in New York City, is an entity that represents the 32 NFL member clubs in collective bargaining and labor relations. (*Id.* ¶ 4.)

Johnson is represented by the NFLPA and the terms of his employment are contained in a collective bargaining agreement ("CBA"). (*Id.* ¶¶ 20, 22-23.) In addition, Johnson's employment is governed by a collectively bargained Policy on Performance-Enhancing Substances ["PES"] ("the 2015 Policy"). (*Id.* ¶ 24.) The complaint lays out the underlying facts, but the bottom line is

3

that Johnson was disciplined under the 2015 Policy because, on several occasions, he tested positive for PES. This ultimately led to a ten-game suspension without pay. (*Id.* ¶¶ 42-56.)

Johnson appealed his suspension, and he alleges he did so "from Ohio." (*Id.* ¶ 57.)[3] An arbitrator (non-party James Carter, an attorney) issued a written decision denying Johnson's appeal. (*Id.* ¶ 67.) Johnson served his 10-game suspension from October 11, 2016 through December 18, 2016. (*Id.* ¶ 68.) This lawsuit challenges defendants' application of the 2015 Policy as well as the ultimate outcome and disciplinary measures taken. It seeks to vacate the arbitration award and to reinstate Johnson to good graces under the 2015 Policy and the CBA; it also seeks compensatory and punitive damages, as well as the costs of this litigation, including attorney's fees.

**B.     Legal Analysis**

Despite the very lengthy briefing on these two motions, the issue is quite simple: is the Northern District of Ohio the appropriate venue for a case that:

(1) involves a plaintiff from Oklahoma who plays professionally for a football team that operates out of Philadelphia, Pennsylvania, and three defendants who are headquartered in New York, NY, New York, NY, and Washington, DC, respectively,

(2) seeks to set aside (and to obtain other relief relating to) an arbitration award that was issued from New York, NY following an arbitration that occurred in New York, NY.

---

[3] In his original complaint, Johnson did not include any mention of Ohio when he alleged that he appealed the suspension. The FAC added that phrase. (*Compare* Doc. No. 1 ¶ 54 to Doc. No. 39 ¶ 57.)

4

Defendants all argue that the case should be transferred to the Southern District of New York where the events surrounding the arbitration decision occurred. Plaintiff, on the other hand, insists that because each of the defendants regularly transacts business throughout the country, including in this district, the case is properly venued here. Plaintiff also argues that his original complaint sufficiently alleges that "[t]he operative facts and violations underlying this litigation, in whole or in part, occurred within this District." (Doc. No. 29 at 1064,[4] citing Doc. No. 1 ¶ 13.) He further argues that he "alleged throughout his Complaint facts tha occurred in Ohio." (*Id.*) Plaintiff claims he need only make a *prima facie* showing that "his chosen venue is proper." (Doc. No. 55 at 3051-52, quoting *Berman v. Arlington Bank*, No. 4:12CV2888, 2013 WL 682814, at *7 (N.D. Ohio Feb. 22, 2013).)

Plaintiff's reliance on *Berman* is of little assistance. There, this Court stated:

> The requirements for venue are set forth by statute. *Kerobo v. Sw. Clean Fuels Corp.,* 285 F.3d 531, 538 (6th Cir.2002). In a civil action where jurisdiction is not founded solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(b), which allows the action to be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).
>
> In this case, all three of the criteria establish venue in the Southern District of Ohio. Plaintiff lists Columbus, Ohio addresses for all of the defendants. The real property at issue is located in Columbus, Ohio. The loan transactions were notarized in Franklin County, Ohio. The foreclosure action was filed in the Franklin County Court of Common Pleas. In fact, plaintiff also resides in the Southern District of Ohio. The case has no connection to this district and appears to have been brought here in the hope of simply achieving a new result in a forum unfamiliar with his case. Venue in the Northern District of Ohio is improper. . . .

*Berman*, 2013 WL 682814, at *7.

---

[4] All page number references are to the page identification number generated by the Court's electronic docketing system.

Plaintiff appears to be relying upon the fact that Cleveland, Ohio has an NFL team (the Browns) as the basis for venue. He argues that "[t]he NFL Agreement demonstrates that the NFL and its Cleveland member are contractually obligated to maintain residence in this District through 2016." (Doc. No. 55 at 3052.) Therefore, in his view, "all Defendants are residents of this District, [and] venue is proper under § 1391(b)(1)." (*Id.*)

But even if venue *were* proper in this district (which it is not), the Court "may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to 28 U.S.C. § 1404(a)." *Cescato v. Anthem, Inc.*, No. 1:05CV2004, 2005 WL 3487974, at *2 (N.D. Ohio Dec. 21, 2005). Although "[o]rdinarily, a plaintiff's choice of forum deserves substantial deference[,] . . . when the chosen forum is not the plaintiff's residence, this choice is given less consideration." *Id.* (citations omitted).

This case is similar to *NFLPA v. NFL*, Civ. No. 15-3168 (RHK/HB), 2015 WL 7596934 (D. Minn. July 30, 2015), where the NFLPA filed suit in the District of Minnesota seeking to vacate an arbitration award issued by the NFL commissioner against Tom Brady, quarterback of the New England Patriots. Although the district judge, acting *sua sponte*, transferred the case to the Southern District of New York, because a related "first-filed" action to confirm the arbitration had been filed there by the NFLMC, in doing so it remarked:

> This Court, however, perceives no reason for this action to proceed in Minnesota. . . . Indeed, the Court sees little reason for this action to have been commenced in Minnesota at all. Brady plays for a team in Massachusetts; the Union is headquartered in Washington, D.C.; the NFL is headquartered in New York; the arbitration proceedings took place in New York; and the award was issued in New York. In the undersigned's view, therefore, it makes eminent sense the NFL would have commenced its action seeking confirmation of the award in the Southern District of New York. Why the instant action was filed here, however, is far less clear.

*Id.* at *1 and *2. It seems that, even if there had not been a "first-filed" case requiring transfer, the Minnesota district judge would have transferred the case anyway.

Here, the same reasoning applies. The gravamen of the complaint (and the related refiled motion to vacate, Doc. No. 52) is that the arbitration award was procured by corruption, fraud, and undue means, and that the arbitrator demonstrated bias and evident partiality, refused to hear relevant evidence and engaged in other misbehavior that prejudiced Johnson, and exceeded his authority. (*See* Doc. No. 52 at 2273.) There is nothing remotely related to Ohio in any of these challenges.

Rather, as accurately observed by the NFLPA: (1) the NFL defendants are located in New York City, the NFLPA is in Washington, DC (which is a closer to New York than to Akron), and Johnson resides either in Oklahoma or Pennsylvania, but not Ohio; (2) all of the material events underlying plaintiff's action took place in New York City; (3) most, if not all, of the likely witnesses are located in New York City or Washington, DC; and (4) relevant evidence is located in either New York City or Washington, DC.

The Court concludes that there is no conceivable reason to retain venue in this district.

### III. CONCLUSION

For the reasons set forth herein as well as in the defendants' memoranda in support of their motions:

(1) defendant NFLPA's motion to transfer venue (Doc. No. 16) is granted; its motion to dismiss (Doc. Nos. 26/27) is denied without prejudice; and

(2) the NFL defendants' motion (Doc. No. 22) is granted to the extent it seeks to transfer venue and is denied without prejudice in all other respects.

Motions that remain pending upon transfer include plaintiff's motion to vacate arbitration reward (Doc. No. 52), and defendants' motions (Doc. Nos. 63 and 65) to strike plaintiff's reply briefs (Doc. Nos. 61 and 62).

The clerk is directed to transfer this case to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED**.

Dated: July 6, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**