

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

JEFFREY L. KESSLER
(212) 294-4698
jkessler@winston.com

November 15, 2017

**VIA ECF**

Honorable Richard J. Sullivan
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

      Re:    ***Johnson v. National Football League Players Association, et al.*, Case No. 1:17-cv-05131-RJS**

Dear Judge Sullivan:

      We represent the National Football League Players Association ("NFLPA" or "Union") in the above-referenced action. On November 13, 2017, Plaintiff's counsel sent us a letter threatening Rule 11 sanctions if the NFLPA did not write the Court—within two days—to correct a purported misstatement in the NFLPA's Reply Memorandum in Further Support of the NFLPA's Motion to Dismiss, Doc. No. 119 (Nov. 8, 2017) ("Reply"). *See* Nov. 13, 2017 Ltr. from Zashin to Kessler ("Rule 11 Ltr.") (Ex. 1 hereto). Specifically, Mr. Johnson takes issue with the NFLPA writing that Mr. Johnson's National Labor Relations Board ("NLRB") charge against the Union was "dismissed" rather than "withdrawn." *Id.* (referring to Reply at 10 n.9). Mr. Johnson's accusation is contrary to the procedures and standards of Rule 11.[1] The NFLPA nonetheless submits this explanation of the basis for its statement to eliminate any arguable lack of clarity.

      On November 10, 2016, Mr. Johnson filed an NLRB charge concerning the same allegations set forth in his First Amended Complaint (Doc. No. 39), *i.e.*, that the NFLPA violated its duty of fair representation by, among other things, "refusing to provide Johnson with side agreements," "coercing Johnson to waive his rights under the Policy," "prefunctorily [*sic*] processing of Johnson's pending discipline," "refusing to enforce the express arbitrator selection provisions of the Policy," and "[f]ailing to submit amendments of the Policy to the ratification and/or approval process set forth in Charged Party's Constitution." NLRB Charge, Attachment A (Ex. 2 hereto). On March 31, 2017, following a months-long investigation, the Regional Director

---

[1] Rule 11 requires that a threatened sanctions "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Mr. Johnson neither presented the NFLPA with any motion nor afforded the Union the required time to respond. Furthermore, Mr. Johnson declined to identify any substantive provision of Rule 11 that he contends the NFLPA violated.



of the NLRB's New York Regional Office wrote to the NFL Management Council and the NFLPA that she had "approved the withdrawal of the charges."  Rule 11 Ltr., Enclosure.

Pursuant to the NLRB's Rules and Regulations, once an unfair labor practice charge is filed, the NLRB conducts an internal investigation, and the Regional Director decides whether or not there is reasonable cause to find a violation of the National Labor Relations Act ("NLRA").  29 C.F.R. §§ 101.4, *et. seq.*  If so, she issues a Complaint against the Charged Party, 29 C.F.R. § 101.8; if not, she recommends withdrawal of the charge "by the person who filed," 29 C.F.R. 101.5.  However, if the Charging Party "refuses to withdraw the charge as recommended, [she] dismisses the charge," including a "simple statement of the grounds therefor."  29 C.F.R. § 101.6.

Pursuant to the Board's Rules, the NLRB's internal case processing guidelines require the Regional Office to provide the Charging Party with "the opportunity to withdraw any allegations of the charge determined to be non-meritorious," so that the Charged Party does not receive a dismissal letter.  *See* NLRB Unfair Labor Practice Case Handling Manual (Ex. 3 hereto) § 10120.2.

Here, there is every reason to believe that Mr. Johnson withdrew his charge only after the NLRB communicated to him that it lacked reasonable cause to proceed with the duty of fair representation allegations against the NFLPA, and that the charge would be dismissed if Mr. Johnson did not withdraw it.  Indeed, this is standard NLRB procedure and it would be illogical for Mr. Johnson to have continued pursuing contested civil litigation before this Court while "voluntarily" withdrawing his NLRB charge based on the same allegations.  Mr. Johnson might contend that the NFLPA's inference is incorrect, but he should not be heard to contend that the NFLPA's inference—and corresponding statement in its Reply—is baseless and in violation of Rule 11.

Respectfully submitted,

*/s/ Jeffrey L. Kessler*

Jeffrey L. Kessler